IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRAVIS G. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-974-PRW |
| | ) | |
| FAMILY DOLLAR STORES INC., et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before this Court are Defendants' Motion for Summary Judgment (Dkt. 70) and Brief in Support (Dkt. 71) and Plaintiff's Response to Defendants' Motion for Summary Judgment and Brief in Support (Dkt. 93). Defendants did not file a reply. For the following reasons, the Court **DENIES** the Motion (Dkt. 70).

### *Background*

This case arises from a personal injury that occurred inside of a Family Dollar Store, which is owned and operated by Defendants. In 2016, Defendants installed a new security monitor on the ceiling in their Family Dollar Store. Defendants did not install two different safety features named in the monitor's instructions—a pan head screw/lock nut and a safety cable—to help prevent the monitor from falling.[1] Approximately five years later, Plaintiff

---

[1] Plaintiff proffered these facts in their Response with supporting exhibits. Pl.'s Resp. (Dkt. 71), at 3. Because Defendants failed to controvert them with citation to the record, the facts concerning the safety features are deemed admitted for the purposes of ruling on the summary judgment motion. *Hagelin for President Comm. of Kansas v. Graves*, 25 F.3d 956, 959 (10th Cir. 1994).

sustained a wrist injury when a pole, which Family Dollar had recently attached to its shopping carts, struck the monitor, causing it to fall from the ceiling and injure Plaintiff.

Plaintiff originally filed his negligence action in Stephens County District Court. Defendants removed the case to this Court based on diversity of citizenship jurisdiction. Defendants now move for summary judgment.

## *Legal Standard*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A genuine issue exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[3] Evidence that is "merely colorable" or "not significantly probative" will not defeat a motion for summary judgment.[4] A fact is material if it "might affect the outcome of the suit under the governing law."[5]

The moving party bears the initial burden of showing beyond a reasonable doubt the absence of a genuine issue of material fact.[6] Once the movant has met his initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[7] Courts may only consider admissible evidence in reviewing

---

[2] Fed. R. Civ. P. 56(a).

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citation omitted).

[4] *Id.* at 249–50 (citation omitted).

[5] *Id.* at 248.

[6] *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002) (citation omitted).

[7] *Anderson*, 477 U.S. at 256.

summary judgment, but the evidence need not be submitted "in a form that would be admissible at trial."[8] Rather, the proponent must show that the evidence is capable of presentation in an admissible form.[9] Courts must view all facts and reasonable inferences in the light most favorable to the nonmovant.[10]

## *Discussion*

Defendants raise two arguments in support of their Motion. First, they argue that its employees had no actual or constructive knowledge that the monitor that fell posed a danger to store patrons. Second, they claim that their employees never exercised any control over the monitor. This second argument fails because it is unsupported by any developed analysis or citations to the record.[11] For that reason, the Court focuses on Defendants' first argument.

"Under Oklahoma law, all negligence claims require proof of a duty, a breach of that duty, and causation."[12] In a premises liability case, "a landowner's duty varies according to the plaintiff's status on the land."[13] It is undisputed that Plaintiff was an invitee on Defendants' property. Defendants, as invitors, "[have] the duty to exercise reasonable

---

[8] *Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016) (internal quotation marks omitted) (quoting *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006)).

[9] *Id.* (citations omitted).

[10] *Anderson*, 477 U.S. at 255.

[11] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

[12] *Martinez v. Angel Expl., LLC*, 798 F.3d 968, 974 (10th Cir. 2015) (citing *Scott v. Archon Grp., L.P.*, 191 P.3d 1207, 1211 (Okla. 2008)).

[13] *Id.* (citing *Sutherland v. Saint Francis Hosp. Inc.*, 595 P.2d 780, 781 (Okla. 1979)).

care to keep the premises in a reasonably safe condition and to warn [Plaintiff] of conditions which were in the nature of hidden dangers, traps, snares or pitfalls."[14] And invitors have "the affirmative duty of care to discover conditions of the premises that may be unreasonably dangerous for the invitee."[15] In light of these duties, a quintessential issue here is whether Defendants, as invitors, had actual or constructive notice that the unsecured monitor being hit by cart poles could fall and injure an invitee.

The question of actual or constructive notice is a question of fact for the jury to decide. Here, Defendants' assistant manager testified that she was aware that the new cart poles repeatedly hit the monitor.[16] And Defendants' asset protection manager further testified that he would not want cart poles hitting the monitor because it could become dislodged.[17] Considering this evidence and drawing all reasonable inferences in favor of Plaintiff, the non-moving party, the Court holds that there is a genuine issue of material fact as to whether the Defendants (or their employees) had actual or constructive notice of the monitor's dangerous condition.

Defendants primarily rely on *Lewis v. Dust Bowl Tulsa, LLC* to support their Motion.[18] In *Lewis*, an Oklahoma court granted summary judgment to a bowling alley after

---

[14] *Martin v. Aramark Servs., Inc.*, 92 P.3d 96, 97 (Okla. 2004) (citing *Rogers v. Hennessee*, 602 P.2d 1033, 1034 (Okla. 1979)).

[15] *Martinez*, 798 F.3d at 979 (quoting Restatement (Second) of Torts § 343 cmt. b).

[16] Paxson Dep. (Dkt. 93-6), at 29.

[17] Fullerton Dep. (Dkt. 93-1), at 46–47.

[18] *Lewis v. Dust Bowl Tulsa, LLC*, 2016 OK CIV APP 46, 377 P.3d 166.

the plaintiff fell on a splinter when she slid across a lane that the alley routinely swept.[19] That case bears little resemblance to this one. A small splinter is materially different from a monitor visibly protruding from the ceiling, and—unlike in *Lewis*—Defendants here were aware of the recurring problem. Specifically, at least one of Defendants' employees knew that the cart poles repeatedly struck the monitor. Defendants' attempt to analogize this case to *Lewis* is therefore unpersuasive.

## *Conclusion*

The Court concludes that genuine issues of material fact remain, precluding summary judgment. Accordingly, the Court **DENIES** Defendants' Motion (Dkt. 70).

**IT IS SO ORDERED** this 14th day of October 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[19] *Id.* at ¶ 22.